## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DIMITRY PRONIN                              *

Plaintiff                                   *

v                                           *          Civil Action No. JFM-15-163

DEBORAH RICHARDSON,                         *
D. COPPER,
G. LEWIS,                                   *
LT. BROWN,
OFFICER POBLETTS,                           *
THOMAS FITZGERALD,
OFFICER AUSTIN,                             *
SGT. PIBULSURY, and
A. SIMS                                     *

Defendants                                  *
                                            *
                                          ***

## MEMORANDUM

The above-captioned civil rights complaint was filed on January 16, 2015, together with a

motion to proceed in forma pauperis.  Because plaintiff appears indigent, his motion will be

granted.  For the reasons below, the complaint must be dismissed.

Plaintiff Dimitry Pronin is a pre-trial detainee at the Baltimore County Detention Center

(BCDC) in Towson, Maryland.  The complaint alleges violation of plaintiff's constitutional

rights of access to the courts and to be free from cruel and unusual punishment.  Additionally,

plaintiff claims he is the subject of harassment and retaliation in an effort to prevent him from

pursuing criminal charges against two other inmates.  ECF 1 at p. 3.  Specifically, plaintiff

claims that on December 8, 2014, two inmates exposed themselves to him and used derogatory,

harassing language of a sexually explicit nature.  Two days later plaintiff talked to a Baltimore

County police officer, Yonis, and a formal police report with recommendation for the two

inmates to be charged was issued.  Plaintiff claims Sgt. D. Copper filled out an application for statement of charges which was supposed to be reviewed by a lieutenant on duty so that arrangements could be made for plaintiff to be transported to the District Court for Baltimore County to provide testimony to a commissioner. *Id*.

Plaintiff alleges that "then strange things started." *Id*.  He states that on December 28, 2014, he was again subjected to indecent exposure and sexually explicit derogatory language from the same inmates.  When plaintiff attempted to report the incident to Corporal McDowell and Sgt. G. Lewis, an incident report was issued to plaintiff recommending that plaintiff be charged with disobeying orders.   Additionally, plaintiff claims Lewis refused to talk to Lt. Brown about transporting plaintiff to court to appear before a commissioner.  *Id*. at p. 4.

Plaintiff continued to ask Copper to arrange for his transportation to court on December 29 and 30, 2014, but alleges she declined to do so. Plaintiff states he was also denied a form to file an administrative complaint regarding the continued refusal to transport him to court to provide testimony before a commissioner. On December 30, 2014, plaintiff alleges he was again subjected to indecent exposure and sexually explicit language by one of the alleged offenders. *Id*. at p. 5.

Plaintiff received a disciplinary hearing on charges he failed to obey an order on December 31, 2014.  He was found not guilty.  Plaintiff  asked Copper for an administrative complaint form to file a grievance against the officer who charged him with the rule violation. He also claimed the sole purpose of the disciplinary charges were to discourage his pursuit of criminal charges against the two inmates who exposed themselves to him.  He alleges his request for an administrative complaint form was ignored.  *Id*. at pp. 5 – 6. Plaintiff claims two requests to be brought before a commissioner and for an administrative complaint form were also made in

writing to the administrator of BCDC were also ignored.  Plaintiff claims he will be "transferred soon."  *Id*. at p. 6.

Plaintiff further asserts that he was denied recreation time and showers on various dates by correctional staff and claims such denials amount to cruel and unusual punishment.  He alleges his "walks" were cancelled on false accusations that he had violated rules and on one occasion he was denied a razor and nail clippers.[1]  ECF 1 at p. 7.  Specifically, he claims he was denied walks on four occasions in January of 2014; and was denied gymnasium time on March 9, 2014.  *Id*. at p. 8.   He asserts denying recreation amounted to punishment in violation of his Fourteenth Amendment right.   In exhibits filed with the complaint, a response from BCDC administrators explained that recreation was suspended on plaintiff's housing unit because it was on lock down status and on occasion, is unavailable due to staff shortages.  ECF 1 at unmarked exhibit, "Department of Corrections Intra-Department Memorandum,"  *see also* Ex. 12 (plaintiff's grievance indicating housing unit was locked down after a weapon was found).

Prisoners have a constitutionally protected right of access to the courts.  *See Bounds v. Smith*, 430 U. S. 817, 821 (1977).  However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).   "There is no clearly established right to transportation to a court for the purpose of filing criminal charges."  *Lopez v. Robinson*, 914 F. 2d 486, 494 (4th Cir. 1990).  The right of access to courts concerns enforcement of personal rights; prosecution of a third party for criminal conduct is not a personal right.  *Id.,* citing *Linda*

---

[1]  Plaintiff relies on this incident for his claim he was denied basic hygiene.

*R. v. Richard V.*, 410 U.S. 614 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another).   Additionally, an actual injury must inure from the alleged denial of access to courts.  *See Lewis*, 518 U.S. at 349.  "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches."  *Id*.

Plaintiff's claim that he has been denied access to the courts by defendants' refusal to transport him to press criminal charges against two other inmates does not state a cognizable constitutional claim and does not allege an actual injury.  As noted, as an alleged victim of criminal conduct, does not have a cognizable right to pursue prosecution of his alleged assailants. Moreover there is no allegation that the statute of limitations for filing criminal charges has passed or is even quickly approaching.[2]  Plaintiff's assertion that he will soon be transferred does not change the analysis.

Plaintiff's claim regarding denial of administrative complaint forms fares not better.  The Prison Litigation Reform Act ["PLRA"] requires a prisoner to exhaust administrative remedies before filing suit in federal court.   Title 42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust administrative remedies is an affirmative defense which may be raised in

---

[2]   The incidents alleged occurred within a month of the filing of this complaint.

defense of a claim raised against prison officials.  The defense may be rebutted through a showing that administrative remedies were not available to the prisoner plaintiff and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).[3]  The failure to provide plaintiff with forms to file administrative complaints does not state a constitutional claim.

The inquiry with respect to the conditions alleged is whether or not those conditions amount to punishment of the pre-trial detainee because due process proscribes punishment of detainee before proper adjudication of guilt.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "[N]ot every inconvenience that is encountered during pre-trial detention amounts to 'punishment' in the constitutional sense."  *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988).   A particular restriction or condition of confinement amounts to unconstitutional punishment in violation of the Fourteenth Amendment if it is imposed by officials with the express intent to punish or it is not reasonably related to a legitimate, non-punitive goal.  *Bell*, 441 U.S. at 538– 39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment).  In determining whether the challenged conditions amount to punishment, it is not the province of this court to

---

[3] The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F. 3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F. 3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).

determine how a particular facility might be more beneficently operated; the expertise of prison officials must be given its due deference.  *See Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Plaintiff's claims that he was denied recreation, nail clippers, and a razor, and that correctional officers have made derogatory statements to and about him, do not state a constitutional claim.  "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner."  *Hill v. Nicodemus*, 979 F. 2d 987, 991 (4th Cir. 1992), citing *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988).  Where, as here, there are valid, legitimate security reasons for suspension of recreation and the deprivation is short-term, there is no cognizable claim.  Plaintiff's own evidence establishes there was a lock down in effect and that there are sometimes issues with staff shortages which prohibit providing recreation.  To the extent plaintiff does not believe those managerial decisions are legitimate, it is not the function of this court to second-guess decisions related to the daily operations of BCDC without evidence of extreme deprivations prohibited by the constitutional protections afforded to pre-trial detainees.  Moreover, an isolated incident wherein plaintiff was denied the opportunity to shave and cut his fingernails is a frivolous claim.

Additionally, verbal abuse of a pre-trial detainee, without more, does not state a claim. *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979).  The statements alleged in this case are not condoned by this court, but the claim falls short of acts forbidden by the Fourth, the Fourteenth, or the Eighth Amendments.  *See Pink v. Lester*, 52 F.3d 73, 75 (1995) ("[N]ot all undesirable behavior by state actors is unconstitutional.").

Thus, the complaint must be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by plaintiff that has been dismissed as frivolous. For the reasons stated, this case will be dismissed by separate order.

 

 

 

___February 9, 2015___          ____/s/_____
Date                          J. Frederick Motz
                                United States District Judge